## SUPERVISORS OF NEW YORK v. TWEED.

*Statutory construction — Laws of 1874, chap. 304 — New York city. Practice — continuance of action. Defense — when further pleading not necessary.*

By Laws 1874, chap. 304, the county and city of New York were consolidated for the purposes of local government, under the corporate name of "The Mayor, etc., of New York," and the rights, property, interests, claims and demands of the county and of the board of supervisors were vested in the consolidated corporation. *Held*, (1) to include a claim against a county officer for county moneys fraudulently received and applied, and (2) that an order in an action instituted on such claim, previous to the passage of said act, by and in the name of the board of supervisors of said county, continuing the action in the name of the consolidated corporation, was proper. *Held*, also, that further pleadings on the part of the defense were not essential to protect defendant's rights from the consequences of the change.

APPEAL by defendant from an order continuing this action in the name of the Mayor, Aldermen and Commonalty of the city of New York and substituting them as plaintiffs.

The action was brought by the board of supervisors of the county of New York against William M. Tweed to recover for moneys of the county alleged to have been fraudulently received and applied by defendant as a public officer. Sufficient facts appear in the opinion.

*David Dudley Field, Elihu Root, Willard Bartlett, Dudley Field, Wm. Fullerton* and *Edward R. Bacon,* for appellant, as to the right to substitute the new corporation as plaintiff, cited *Davis* v. *Mayor of N. Y.,* 14 N. Y. 506, 526; Code, §§ 141, 142, 146, 150, 156 ; *Moore* v. *Hamilton,* 44 N. Y. 666.

*E. Delafield Smith & Wheeler H. Peckham,* for respondents.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J.   This action was commenced by the board of supervisors of the county of New York to recover moneys alleged to have been fraudulently and corruptly received and applied to his own use by the defendant as a public officer of the county. The moneys were claimed to have been the property of the county, for a recovery of which it was legally entitled to maintain the action. After an issue of fact was joined in it by the service of the defendant's answer, and while it continued to be undetermined, an act was passed consolidating the city and county of New York for the purposes of local administration and government. By this act the consolidated corporations were afterward to be known as the mayor, aldermen and commonalty of the city of New York, and the rights, property, interest, claims and demands of the county, and of its board of supervisors, were vested in and declared afterward to belong to the consolidated corporation. Laws of 1874, chap. 304, § 1.   This act went into effect on the 30th of April, 1874, and by its terms it transferred the cause of action set forth in the complaint in this suit to the newly formed corporation. It was a right, claim or demand within the appropriate signification of those words as they were embodied in the law.

In consequence of this change and transfer, the motion appears to have been made which resulted in the order appealed from. Its obvious purpose was to place the action from that time in the name of the body that by the act had succeeded in title the preced-

ing owner of the demand, and have the real party in interest before the court as plaintiff.

The proceeding was in all respects a proper one, and provided for by the act regulating and governing, to a very great extent, the civil practice of courts of justice. By that act, when any other transfer of the interest in an action (which does not abate by the death of a party) than that occasioned by the death, marriage or other disability of a party, takes place, the court in which the action may be pending may allow it to be continued in the name of the original party, or may allow the person to whom the transfer may be made, to be substituted in the action. Code, § 121. This provision very plainly includes the present case; for the demand relied upon as the cause of action would not abate by the death of a plaintiff, even if it had been a natural person. 2 R. S. 447, 448, §§ 1, 2. And the act of 1874, by force of its provisions, transferred it to the consolidated corporate body.

The motion was made within the time prescribed for that purpose by the section of the Code already referred to. And no good reason appears why the order should not have been made.

It is strenuously insisted by the learned counsel for the defendant that the court ought to have permitted him to serve a further answer. But there was nothing in the change made by the order requiring that to be done, or even indicating its propriety in any respect. It did not change the charges made against the defendant as the foundation of the right to recover. The complaint remained precisely the same after the order as it was before; and that had been met by the answer previously served to it by such defense as the defendant considered existed against the charges it contained. By the order, the newly-formed body corporate was, from that time, made the plaintiff in the action. And it was placed in that relation to it with no other or different rights than those previously existing in favor of the board of supervisors. It at most succeeded to such rights, and nothing whatever more than that; and there could be nothing in such a change rendering any further answer on the part of the defendant necessary upon making it. When that is properly done by motion, the Code, providing for it contemplates no change in the pleadings, when the action may be already at issue. It merely provides for a simple proceeding by means of which the succeeding party may take and proceed with the action from the point where the preceding party left it.

The change gave the defendant no absolute right to set up any further defense. If the answer served in the case was inadequate in any respect, the mode of supplying its defects was by motion on the defendant's behalf as long as the affidavit used to oppose the motion failed to present any case for that purpose. It was not enough to entitle the defendant to such relief that his attorney believed that leave should be given to serve an answer to the complaint, as it was proposed to be amended. And that was all that was stated on this subject. The statement was altogether insufficient, for it showed no necessity for any amendment whatever. And besides that, the statement relied upon was entirely erroneous, for the complaint was in no respect amended. All that was done by the order, was to substitute the succeeding corporation from that time, and provide for the subsequent prosecution of the action in its name.

Upon the argument of this appeal, it was claimed that further pleadings by way of defense were required to enable the defendant to contest the right of the newly-formed corporation to succeed to the rights and claims of the board of supervisors of the county. But that very clearly is an erroneous view of the case. For that position must depend upon the effect to be given to the act providing for making the consolidation. And no pleading on the part of the defendant can be required for its proper presentation. If the act can be shown to be constitutionally or otherwise invalid or inoperative, that can be determined as the case now stands, under the order by oral objection taken upon the trial; no answer can be necessary for that purpose.

The objection that the new corporation has not been bound by the change made is entirely untenable. The notice of motion for it was subscribed by the corporation counsel and attorney for the plaintiff then in the case. And that sufficiently exhibited its consent to be made a party to the action. Besides that, the substituted plaintiff appeared on the argument and objected to a reversal of the order.

The order was right, and it should be affirmed, with $10 costs, besides disbursements.

*Order affirmed.*